**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |
|---|
| ERMIDIO EPIFANIO DIAZ-CALDERON, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. |

No. 10-70343

Agency No. A072-115-833

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Ermidio Epifanio Diaz-Calderon, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Even if Diaz-Calderon's asylum application was not abandoned, and even if he established a nexus to a protected ground, substantial evidence supports the BIA's finding that Diaz-Calderon's mistreatment by guerrillas and the military did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) (minor physical abuse during a single detention did not compel finding of past persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats were harassment rather than persecution). Substantial evidence also supports the BIA's finding that Diaz-Calderon failed to established an objectively reasonable well-founded fear of future persecution. *See Molina-Estrada*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (petitioner failed to demonstrate a reasonable fear of future persecution). Accordingly, Diaz-Calderon's asylum claim fails.

Because Diaz-Calderon did not meet the lower burden of proof for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

10-70343

Finally, substantial evidence supports the agency's denial of CAT relief because Diaz-Calderon failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**